UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

BURNETT & MORAND PARTNERSHIP )
and BUD'S HARLEY-DAVIDSON SALES )
AND SERVICE, INC., )
)
                Plaintiffs, )
)
          v. )    3:10-cv-3-RLY-WGH
)
ESTATE OF LORA L. YOUNGS, DECEASED, )
LAURA Y. KUHLENSCHMIDT, as Personal )
Representative of the Estate of Lora L. Youngs, )
LAURA Y. KUHLENSCHMIDT and )
ERVIN C. KUHLENSCHMIDT, )
LAURA Y. KUHLENSCHMIDT, as Trustee )
of the Laura Y. Kuhlenschmidt Trust, )
MARK S. KUHLENSCHMIDT, as Successor )
Trustee of the Laura Y. Kuhlenschmidt Trust )
d/b/a UNIQUE CLEANERS INC. and/or )
ROSE CLEANERS, INC., )
ROBERT W. GEIER, MARLENE G. GEIER, )
TIMOTHY W. REICH and MELVIA D. REICH )
d/b/a UNIQUE CLEANERS INC. and/or )
ROSE CLEANERS, INC., )
)
                Defendants. )

**ENTRY ON MOTION TO WITHDRAW PLAINTIFF'S
SECOND AMENDED COMPLAINT AND FOR LEAVE TO FILE
ITS THIRD AMENDED VERIFIED COMPLAINT**

**I.  Introduction**

This matter is before the court on the Motion to Withdraw Plaintiffs' Second

Amended Complaint and for Leave to File its Third Amended Verified Complaint

filed by plaintiffs on June 28, 2010.[1] (Docket No. 55). Defendants filed their Responses on July 12 and 13, 2010. (Docket Nos. 58-59).

## II. Analysis

Plaintiffs filed this motion seeking to amend their Complaint. The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, the dispute concerns Count II of the proposed Third Amended Verified Complaint, which alleges a claim under 42 U.S.C. § 6972 *et seq.,* the Resource Conservation Recovery Act ("RCRA"); defendants argue that Count II of the proposed pleading is futile. This court has previously dismissed a nearly identical Count III of Plaintiffs' Amended Complaint which was brought pursuant

---

[1]Plaintiffs had previously filed a Motion for Leave to File Second Amended Complaint. However, that motion was denied, as moot, by the Magistrate Judge after plaintiffs filed the instant motion. (Docket No. 60). Therefore, this order only concerns the proposed Third Amended Verified Complaint.

to the RCRA and which sought to recover cleanup costs associated with an alleged contamination of plaintiffs' property.  (*See* Order at Docket No. 53).  The court determined that cleanup costs are not available under the RCRA.  Subsequent to the court's ruling, plaintiffs have now filed a new Count II replacing the old Count III and have asserted a claim for injunctive relief and damages under the RCRA.  42 U.S.C. § 6972.

Having examined the arguments of the parties and the relevant legal authority, the Magistrate Judge concludes that only part of the new Count II in the proposed Third Amended Verified Complaint should be permitted to be filed.  The Seventh Circuit in *Avondale Federal Sav. Bank v. Amoco Oil Co.,* laid out the remedies available under RCRA:

> RCRA offers a private citizen a choice of two remedies:  a mandatory injunction, i.e., one that orders a responsible party to take action by attending to the cleanup and proper disposal of toxic waste, or a prohibitory injunction, i.e., one that restrains a responsible party from further violating RCRA.  Neither remedy, however, ... contemplates the award of past cleanup costs, whether these are denominated damages or equitable restitution.

*Avondale Federal Sav. Bank v. Amoco Oil Co.*, 170 F.3d 692, 694 (7th Cir. 1999) (internal citations and quotations omitted).  Based on this decision, paragraph A of the wherefore clause in Count II of the proposed Third Amended Verified Complaint seeking to "[r]estrain and enjoin the Defendants from permitting hazardous waste to emanate from their premises" is a viable claim because the relief sought constitutes a "prohibiting injunction."  Additionally, paragraphs C

and D of the wherefore clause in Count II seeking attorney's fees and costs are supported by 42 U.S.C. § 6972(e).

However, as to paragraphs 25 and 27 of the proposed Third Amended Verified Complaint and paragraph B of the wherefore clause, the Magistrate Judge concludes that plaintiffs' attempt to amend the Complaint would be futile and is, therefore, not warranted. The RCRA, as explained in the court's prior decision and by the Seventh Circuit in *Avondale,* does not permit recovery of cleanup costs. Under the RCRA, plaintiffs can seek a mandatory injunction ordering defendants to attend to the cleanup and disposal of the toxic waste, but plaintiffs cannot recover their own costs associated with the cleanup. Therefore, the Motion for Leave to File its Third Amended Verified Complaint is **GRANTED, in part,** and **DENIED, in part.** Plaintiffs are instructed to refile their Third Amended Verified Complaint, but they must exclude any reference to cleanup costs such as that which currently appears in paragraphs 25 and 27 as well as paragraph B of the wherefore clause.[2]

### III.  Conclusion

For the reasons outlined above, Plaintiff's Motion for Leave to File Its Third Amended Verified Complaint is **GRANTED, in part,** and **DENIED, in part.**

---

[2] The Magistrate Judge notes that Defendants also raised the issue of improper notification under the RCRA. However, in Paragraph 26 of the proposed Third Amended Verified Complaint, Plaintiffs allege that "[n]inety (90) days' notice has been provided . . .," and the amendment of the Complaint would therefore not be clearly futile. Whether or not proper notice actually was provided is a factual dispute that can be handled in a dispositive motion.

-5-

Plaintiff should file the appropriately amended complaint within ten (10) days of the date of this order.

    **SO ORDERED.**

**Dated:** September 10, 2010

                                          William G. Hussmann, Jr.
                                          United States Magistrate Judge
                                          Southern District of Indiana

**Electronic copies to:**

| | |
|---|---|
| Glenn David Bowman<br>STEWART & IRWIN P.C.<br>gbowman@silegal.com | Mark A. McAnulty<br>FRICK POWELL LLP<br>markm@frickpowell.com |
| Nicholas K. Gahl<br>STEWART & IRWIN P.C.<br>ngahl@silegal.com | Michael Jonathan Reeder<br>HATCHETT & HAUCK LLP<br>mike.reeder@h2lawyers.com |
| David L. Hatchett<br>HATCHETT & HAUCK LLP<br>david.hatchett@h2lawyers.com | Mary F. Schmid<br>STEWART & IRWIN<br>mschmid@stewart-irwin.com |
| Julia B. Langerak<br>JONES WALLACE LLC<br>jlangerak@joneswallace.com | Paul J. Wallace<br>JONES WALLACE LLC<br>pwallace@joneswallace.com |