UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BURNETT & MORAND PARTNERSHIP and BUD'S HARLEY-DAVIDSON SALES AND SERVICE, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:10-cv-3-RLY-WGH |
| ESTATE OF LORA L. YOUNGS, DECEASED, LAURA Y. KUHLENSCHMIDT, as Personal Representative of the Estate of Lora L. Youngs, LAURA Y. KUHLENSCHMIDT and ERVIN C. KUHLENSCHMIDT, LAURA Y. KUHLENSCHMIDT, as Trustee of the Laura Y. Kuhlenschmidt Trust, MARK S. KUHLENSCHMIDT, as Successor Trustee of the Laura Y. Kuhlenschmidt Trust d/b/a UNIQUE CLEANERS INC. and/or ROSE CLEANERS, INC., ROBERT W. GEIER, MARLENE G. GEIER, TIMOTHY W. REICH and MELVIA D. REICH d/b/a UNIQUE CLEANERS INC. and/or ROSE CLEANERS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ENTRY ON MOTION TO COMPEL**

**I. Introduction**

This matter is before the court on Plaintiffs' Motion to Compel and for Attorney's Fees and Costs Pursuant to FRCP 37 filed February 17, 2011. (Docket No. 92-93). Defendant, Mark S. Kuhlenschmidt as Successor Trustee of the Laura Y. Kuhlenschmidt Trust ("Kuhlenschmidt"), filed his Response on March 7,

2011.  (Docket Nos. 97).  Plaintiff filed a reply brief on March 14, 2011.  (Docket No. 98).  Kuhlenschmidt filed a surreply on March 16, 2011.  (Docket No. 101).

## II. Background

This is an environmental lawsuit in which Plaintiffs allege that Defendants contributed to the release of hazardous substances onto their real property.  As part of Kuhlenschmidt's Answer to Plaintiffs' Complaint, he raised several affirmative defenses to Defendants' claims including that:  (1) Plaintiffs' claims are barred by their failure to comply with CERCLA, the National Contingency Plan, or RCRA; (2) Plaintiffs' claims are barred in whole or in part because of their failure to mitigate their damages; (3) Plaintiffs' claims are barred or diminished by their own actions; and (4) Plaintiffs assumed the risk.  Defendants, in order to "identify documents relied upon by Kuhlenschmidt as the factual basis for his affirmative defenses," served Kuhlenschmidt with four different sets of requests for production of documents and interrogatories.  (Brief in Support of Defendants' Motion to Compel at 2-4).  Defendants contend that Kuhlenschmidt's responses to these discovery requests are inadequate.  In an attempt to resolve the parties' discovery dispute, there was an exchange of letters and emails in which counsel for Kuhlenschmidt ultimately explained:

> Our client does not believe he has withheld any documents
> responsive to these discovery requests.  Moreover, thousands of
> pages of documents have been produced to date in this litigation by
> other parties and non-parties.  Determining which of these
> documents support any question of law or fact is a function of
> analysis made by counsel, and we object to the extent you seek
> disclosure of that analysis.  We do not believe there is any obligation

> to prepare a privilege log for documents already produced and creating one in this instance would disclose our work product. You can obtain the substantial equivalent of what you seek from us by simply conducting your own review of the documents produced to date in this litigation.

(*Id.* at Ex. F). There was no actual conference in which the parties made an attempt to resolve this discovery dispute as required by Local Rule 37.1.[1] Nor was there an informal conference with this Magistrate Judge as recommended by Local Rule 37.1. Instead, after Kuhlenschmidt refused to provide the documents which support his affirmative defenses, Plaintiffs filed the Motion to Compel at issue in this case seeking: (1) an order for Kuhlenschmidt to provide a privilege log for all documents being withheld because of the assertion that they are protected by the attorney-client privilege; (2) an order compelling Kuhlenschmidt to affirm that the only documents in his possession that are responsive to any of Plaintiffs' four requests for production of documents have already been provided; and (3) an order directing Kuhlenschmidt to pay attorney's fees and costs. (Motion to Compel and for Attorney's Fees and Costs Pursuant to FRCP 37 at 4).

## II. Analysis

1. Rule 26(b)(1) of the Federal Rules of Civil Procedure explains: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may

---

[1]While it is questionable whether or not Plaintiffs made a "good faith" attempt to resolve this discovery dispute, the Magistrate Judge concludes that this matter should be resolved now rather than ordering the parties to confer and attempt to resolve the dispute informally.

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

2. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, one form of discovery that a party may seek can be through interrogatories served on an opposing party. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." FED. R. CIV. P. 33(a)(2).

3. Similarly, Rule 34 of the Federal Rules of Civil Procedure allows a party to serve requests for production of documents that are within the scope of Rule 26.

4. As a means of enforcement of these rules, Rule 37 permits a party seeking the discovery to move the court to compel a response from the party who has failed to respond to such discovery requests. Furthermore, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4).

5. In this case, what Plaintiffs allege that they are seeking are responses to contention interrogatories and requests for production of documents. For example, Plaintiffs' Second Request for Production of Documents contains the following requests and interrogatory:

**REQUEST NO. 1:** Please produce for inspection or copying, or deliver to us, documents which describe or tend to establish the assertion contained in your Eighth Affirmative Defense of your Answer and Affirmative Defenses to Plaintiffs' Amended Complaint" (hereinafter referred to as "Answer") which states Plaintiffs' claims and assertions are barred, in whole or in part, due to Plaintiffs' failure to mitigate their damages.

*****

**REQUEST NO. 2:** Please produce for inspection or copying, or deliver to us, documents which describe or tend to establish the assertion contained in your Tenth Affirmative Defense of your Answer, which states Plaintiffs' claims are barred or diminished by Plaintiffs' own acts or omissions.

****

**REQUEST NO. 3:** Please produce for inspection or copying, or deliver to us, documents which describe or tend to establish the assertion contained in your Seventeenth Affirmative Defense, which states Plaintiffs, other Defendants and unidentified individuals and/or entities are also liable for equitable allocation of such costs.

****

**INTERROGATORY NO. 1:** Identify each and every person who has knowledge or claims to have knowledge of those matters set forth in your Eighth, Tenth and Seventeenth Affirmative Defenses of your Answer.

(Brief in Support of Defendants' Motion to Compel at Ex. B).

6. "Opinion and contention interrogatories are used routinely." FED. R. CIV. P. 33 Advisory Committee's Notes (2007 Amendment).

7. The Seventh Circuit permits the use of contention interrogatories to "smoke out" what exactly a plaintiff is claiming or stands to recover. *See Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006).

8. "The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position." *BASF Catalysts LLC v. Aristo, Inc.,* 2009 WL 187808 at *2 (N.D. Ind. 2009).

9. Judicial economy and fairness dictates that parties should not be compelled to prematurely take a position, which would force an artificial narrowing of the issues, instead of an informed paring down. *Ziemack v. Centel Corp.,* 1995 WL 729285 at *2 n.3 (N.D. Ill. 1995).

10. Because of some delays necessitated by environmental testing in this case, discovery deadlines previously set have now passed in this case, but by agreement of the parties, some discovery remains to be performed.

11. Kuhlenschmidt argues that answering the interrogatories and producing the documents responsive to each request would unduly disclose his attorney's work product and thought process. However, the attorney work product doctrine cannot be asserted to protect the disclosure of the underlying facts which are discoverable. Cases within this Circuit have held that the identities of persons who had information or had made statements relating to the claims or defenses, and the substance of information they possess, is factual information and does not implicate an attorney's mental impressions. *EEOC v. Jewel Food Stores, Inc.,* 231 FRD 343 (N.D. Ill. 2005). Neither does the production of documents, per se, implicate an attorney's mental impressions.

Kuhlenschmidt argues that, by requiring his attorney to *designate* which particular documents are responsive to particular claims or defenses, the attorney is required to unfairly divulge the attorney's thought processes. While this to some extent is true, the purpose of the discovery rules is to bring to light the parties' positions in an "informed" and controlled manner that winnows down

the resolution of a dispute by identifying those facts that are clearly in dispute, and those legal theories that are being debated. The discovery process is meant to do so – as Rule 1 of the Federal Rules of Civil Procedure provides – as justly, quickly, and inexpensively as possible. Trial "by ambush" is to be avoided where possible.

The contention interrogatory answers and production responses in this case are simply too evasive to be helpful to the resolution of the dispute. They do not in any manner assist in "paring down" what pieces of evidence are relevant to particular claims. An attorney who is faced with "contention" type discovery must identify the witnesses and documents he/she has marshaled in a way to support his/her client's position and to help illuminate the issues to be resolved as the responses and answers are due. There must be an initial answer and response in good faith and as complete as possible. If later discovery efforts bring to light new facts and sources, Rule 26 allows and requires supplementation at the conclusion of discovery. Resolution of disputes cannot occur in an orderly manner if there are no preliminary answers to help guide the parties in identification of the facts and documents which support a theory, or if helpful responses are not served, until the very last day discovery can be completed.

12. Because Kuhlenschmidt's answers are evasive, Plaintiffs are entitled to responses from Kuhlenschmidt to their Requests for Production of Documents and Interrogatory concerning the four affirmative defenses that are the subject matter of this Motion to Compel. The Motion to Compel is **GRANTED.**

13. Kuhlenschmidt is ordered to *identify* all documents that it intends to use at trial to support its affirmative defenses, regardless of whether or not the documents have already been produced independently by some other party to this lawsuit. The identification needs to be reasonably specific – at least by Bates stamp number – though it does not require Kuhlenschmidt to explain *how* or *why* said document supports the defense.

14. Kuhlenschmidt is ordered to *produce* any documents he has in his possession which have never been produced by any other party to this lawsuit. If the document has been previously produced by another party to the litigation, he need not produce the same exact document, so long as Kuhlenschmidt has "identified" the document as responsive to the request.

15. To the extent that Kuhlenschmidt withholds a document in his possession because he believes that a particular document is protected by the attorney-client privilege, he is to provide a privilege log.

16. As for Plaintiffs' request for attorney's fees and costs, the court notes that responses to contention interrogatories can be delayed, even to a date beyond the completion of discovery. Therefore, an award of attorney's fees and costs is unwarranted at this time.

17. Plaintiffs also sought a hearing on the Motion to Compel (Docket No. 95) which is now **DENIED, as moot.**

## III.  Conclusion

For the reasons outlined above, the Motion to Compel and for Attorney's Fees and Costs Pursuant to FRCP 37 is **GRANTED, in part,** and **DENIED, in part.**

**SO ORDERED.**

**Dated:** April 4, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Glenn David Bowman
STEWART & IRWIN P.C.
gbowman@silegal.com

Nicholas K. Gahl
STEWART & IRWIN P.C.
ngahl@silegal.com

David L. Hatchett
HATCHETT & HAUCK LLP
david.hatchett@h2lawyers.com

Julia B. Langerak
JONES WALLACE LLC
jlangerak@joneswallace.com

Mark A. McAnulty
FRICK POWELL LLP
markm@frickpowell.com

Michael Jonathan Reeder
HATCHETT & HAUCK LLP
mike.reeder@h2lawyers.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Paul J. Wallace
JONES WALLACE LLC
pwallace@joneswallace.com